IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-299-CR




ORVIS LEE DAVIS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY 



NO. 21,893, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of theft of service having a value of $20 or more but
less than $200. Tex. Penal Code Ann. § 31.04 (West 1989 & Supp. 1993). The court assessed
punishment at incarceration for 180 days and a $250 fine, suspended imposition of sentence, and
placed appellant on probation.

 On the night of September 18, 1992, Akbarali M. Samanani, owner of a Lockhart
motel, saw a man and woman leave room 505 of the motel and drive away. Samanani, who knew
that room 505 had not been rented that night, recorded the license plate number of the car and
reported it to the police. The car was registered to Sheryl Shannon of Lockhart. When
questioned by Lockhart police officer John Roescher, Shannon admitted going to the motel room
with appellant, who had a key, and staying for two hours. On September 28, Roescher spoke to
appellant and told him "that he needed to go talk to Mr. Samanani about that incident." Roescher
explained to appellant that Samanani had agreed that no charges would be filed if appellant would
pay for the use of the room and return the key. Although appellant visited with Samanani that day, he neither paid for the room nor returned the key. When subsequently
arrested, appellant had a master key intended for use by the motel's housekeeping staff.

 Samanani testified that during their meeting on September 28, appellant told him
that he was in room 505 on September 18, that he would pay Samanani for the room, and that he
would return the key. In his only point of error, appellant contends this testimony was
inadmissible hearsay because his statements to Samanani were made pursuant to plea negotiations.

 The testimony was not hearsay. Appellant's statements to Samanani were
admissions by a party-opponent. Tex. R. Crim. Evid. 801(e)(2). Further, the statements were
not made in the course of plea discussions with an attorney for the prosecuting authority, and
therefore were not inadmissible plea discussions. Tex. R. Crim. Evid. 410(3). 

 In his argument under this point of error, appellant also relies on the more general
proposition that a statement by the accused is inadmissible if it is induced by a positive promise
of a benefit to the accused made by someone in authority and of a character likely to influence the
accused to speak untruthfully. Wayne v. State, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988);
Fisher v. State, 379 S.W.2d 900 (Tex. Crim. App. 1964). While there is evidence that appellant
was told he would not be prosecuted if he paid for the use of the room and returned the key, there
is no evidence of any promised benefit in exchange for his statements to Samanani.

 Finally, any error in the admission of the challenged testimony was harmless
beyond a reasonable doubt. Tex. R. App. P. 81(b). A man and a woman were seen leaving room
505. Shannon, the owner of the car in which the couple was seen driving away, admitted being
in the room with appellant. When arrested, appellant had a key to the room. Under the
circumstances, we are satisfied that the admission of appellant's statements to Samanani, if error,
did not contribute to the conviction. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: November 10, 1993

Do Not Publish